UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEXTER FRANKLIN             ]
    Plaintiff,              ]
                            ]
v.                          ]         No. 3:11-0007
                            ]         JUDGE HAYNES
OFFICER ERIC McBERRY, et al.]
    Defendants.             ]

O R D E R

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No.1) brought pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* (Docket Entry Nos.2 and 6).

Plaintiff is an inmate at the Davidson County Criminal Justice Center in Nashville. It appears from his application that he lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Should the Plaintiff be transferred from his present place of confinement, the current custodian of his inmate trust account will ensure that a copy of this order follows him to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Plaintiff alleges, among other things, that two guards at the Criminal Justice Center used excessive force against him while breaking up a fight between inmates. The excessive use of force against a prisoner is actionable under 42 U.S.C. § 1983. Franklin v. Aycock, 795 F.2d 1253,1258 (6th Cir.1986). Thus, the Court finds that the Plaintiff has stated a colorable claim for relief. 28

U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

The Clerk is instructed to send a copy of this order to the Sheriff of Davidson County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

**ENTERED** this the 14th day of March, 2011.

_____
WILLIAM J. HAYNES, JR
United States District Judge